JOSEPH RUBIN, Respondent, *v.* THE GLOBE AND RUTGERS FIRE INSURANCE COMPANY OF THE CITY OF NEW YORK, Appellant.

Supreme Court, Appellate Term, First Department, November, 1922.

Insurance — policy covering loss by theft of specific articles — false teeth not within terms " jewelry," " toilet articles " or " scientific apparatus "— practice.

Where a policy of insurance specifically enumerates the articles covered by its terms, liability thereunder may not be extended by pleading mere conclusions.

Where in a policy of insurance against direct loss by theft of personal effects enumerated and listed as " toilet articles," " scientific apparatus " and " jewelry " no mention is made of false teeth, an action on the policy to recover the value of a set of false teeth alleged to have been stolen is not maintainable.

The complaint, even though it contained an allegation that it was the intention of the parties to the policy to insure the plaintiff against loss of any article used by him personally, a mere conclusion of law, did not state a cause of action, and an order denying a motion under rule 106(5) of the Rules of Civil Practice to dismiss the complaint will be reversed, with costs, and the motion granted, with costs.

APPEAL by defendant from an order of the City Court of the city of New York denying his motion under rule 106, subdivision 5, of Rules of Civil Practice for judgment dismissing the complaint upon the ground that it does not state facts sufficient to constitute a cause of action.

*Levy & Becker (Joseph Levy,* of counsel), for appellant.

*Mark Eisner (Irwin M. Berliner,* of counsel), for respondent.

DELEHANTY, J. This action was brought upon a policy of insurance to recover the value of a set of false teeth alleged to have been stolen, and the loss of which was claimed to have been covered by the terms of the policy which insured against loss by fire and other risks including loss from " theft pilferage and larceny."

The complaint after alleging the incorporation of the defendant under the laws of New York sets forth that on or about June 7, 1921, in consideration of the payment to it by the plaintiff of $40, the defendant insured the plaintiff against direct loss not exceeding $2,000 on personal effects enumerated in its policy, including in the list " toilet articles," " scientific apparatus," " jewelry; " but " false teeth " are not included among the articles enumerated in the complaint and it is not claimed by the respondent that false teeth are anywhere specifically mentioned in the policy. The complaint, however, further alleges that it was " the intention

of the parties to said policy to insure the plaintiff against loss of any article used by him personally."

The complaint further alleges in substance that on or about August 8, 1921, and while the policy was in force and while the plaintiff was traveling from Prague to Warsaw in Europe he suffered a direct loss by larceny of a set of false teeth of the value of $750, the loss of which was insured against under the said policy of insurance; and that as the result of which larceny the said article became a total loss to the plaintiff who was the owner thereof at the time of the issuance of the policy and at the time of the loss.

The complaint then makes the usual allegations as to due performance of the terms of the policy upon his part and giving proof of loss and notice to the defendant company and demands judgment for the sum of $750, with interest.

Thus it is seen that as the respondent does not claim that the policy itself mentioned false teeth or that it contained the clause that it was " the intention of the parties to said policy to insure the plaintiff against loss of any article used by him personally," it is evident that that allegation of the complaint is a mere conclusion of the pleader; and it is also obvious that the subsequent allegation in the complaint to the effect that the set of false teeth was an article the loss of which was insured against under the said policy of insurance is also a mere conclusion of the pleader. But the respondent and the trial justice construe the policy as including the said false teeth under the enumerated articles either as a " toilet article " or " scientific apparatus " or as coming within the term " jewelry." I am of the opinion, however, that construing the words in their ordinary and accepted meaning, as must be done in the absence of anything to show that they were used in a different sense, the words " toilet articles " cannot be construed to include false teeth any more than a false ear could be deemed a toilet article.

So, too, the words " scientific apparatus " in the ordinary meaning of these words cannot be deemed to include false teeth even though they might be deemed a product of scientific apparatus. Furthermore the word " jewelry " indicates gems or ornaments used for personal adornment, and, in the ordinary and usual meaning, the word cannot be construed as including false teeth any more than false hair or a false eye could be deemed to be jewelry even though they might improve the appearance of the person.

Moreover when a policy of insurance specifically enumerates the articles covered by the terms of the policy the pleader cannot by mere conclusion extend the liability to the insurance company, and a demurrer or a motion in the nature of a demurrer

under well-settled rules of pleading does not admit mere conclusions or unfounded inferences drawn from the specific facts and terms concededly contained in the policy.

It follows, therefore, that the complaint does not state facts sufficient to constitute a cause of action, and as it is evident that the matter cannot be cured by amendment the order must be reversed, with ten dollars costs and disbursements to appellant, and the motion for judgment dismissing the complaint granted, with ten dollars costs.

Guy and Bijur, JJ., concur.

Order reversed.